UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Lisa J. Smith, )<br>　　　　Plaintiff )<br>v. )<br> )<br> )<br> )<br>Trans Union, LLC; Bank of America, NA, )<br>s/b/m to BAC Home Loans Servicing, LP, )<br>　　　　Defendants. )<br> ) | Case No. 1:14-CV-01928-JMC<br><br>Removed from the Court of Common Pleas<br>Second Judicial District<br>Case No.: 2014CP0200800 |

## **ANSWER OF BANK OF AMERICA, N.A.**

NOW COMES Defendant Bank of America, N.A., ("BANA") and hereby responds to the allegations contained in the Complaint by way of like numbered paragraphs as follows:

1.　Admitted upon information and belief.

2.　BANA is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, these allegations are denied.

3.　Admitted.

4.　Denied.

5.　Denied as stated.

6.　Denied as stated.

7.　It is admitted upon information and belief that Plaintiff does not reside in Lexington County, South Carolina.  BANA is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and therefore those allegations are denied.

8.　It is admitted upon information and belief that Plaintiff contacted BANA's foreclosure counsel after being served with the complaint in the foreclosure action.  Except as admitted herein, these allegations are denied.

1

9. Denied.

10. Any correspondence from BANA to Plaintiff on March 5, 2013 speaks for itself and any allegations not consistent with that correspondence are denied. BANA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore those allegations are denied.

11. BANA is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore these allegations are denied.

12. BANA is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore these allegations are denied.

13. BANA is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore these allegations are denied.

14. BANA is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore these allegations are denied.

15. BANA is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore these allegations are denied.

16. Any correspondence from BANA to Plaintiff on July 19, 2013, speaks for itself and any allegations not consistent with that correspondence are denied. BANA is without knowledge or information sufficient to form a belief as to the remaining allegations and therefore those allegations are denied.

17. Denied.

18. Denied.

19. BANA is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore these allegations are denied.

20.     BANA is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore these allegations are denied.

21.     BANA is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore these allegations are denied.

22.     BANA is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore these allegations are denied.

23.     BANA is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore these allegations are denied.

24.     BANA is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore these allegations are denied.

25.     BANA is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore these allegations are denied.

26.     Denied.

## **FIRST CAUSE OF ACTION**

## **AS TO DEFENDANT TRANS UNION**

**(Negligent Noncompliance with FCRA)**

27.     The responses in Paragraphs 1 through 26 of this answer are incorporated herein by reference as if fully set forth.

28.     These allegations are not directed at BANA and, therefore, BANA makes no response thereto.  To the extent a response by BANA is required, these allegations are denied.

29.     These allegations are not directed at BANA and, therefore, BANA makes no response thereto.  To the extent a response by BANA is required, these allegations are denied.

30.     These allegations are not directed at BANA and, therefore, BANA makes no response thereto.  To the extent a response by BANA is required, these allegations are denied.

31. These allegations are not directed at BANA and, therefore, BANA makes no response thereto. To the extent a response by BANA is required, BANA is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore these allegations are denied.

32. These allegations are not directed at BANA and, therefore, BANA makes no response thereto. To the extent a response by BANA is required, these allegations are denied.

33. These allegations are not directed at BANA and, therefore, BANA makes no response thereto. To the extent a response by BANA is required, these allegations are denied.

34. These allegations are not directed at BANA and, therefore, BANA makes no response thereto. To the extent a response by BANA is required, these allegations are denied.

## SECOND CAUSE OF ACTION

## AS TO DEFENDANT TRANS UNION

### (Willful Noncompliance with FCRA)

35. The responses in Paragraphs 1 through 34 of this answer are incorporated herein by reference as if fully set forth.

36. These allegations are not directed at BANA and, therefore, BANA makes no response thereto. To the extent a response by BANA is required, these allegations are denied.

37. These allegations are not directed at BANA and, therefore, BANA makes no response thereto. To the extent a response by BANA is required, these allegations are denied.

38. These allegations are not directed at BANA and, therefore, BANA makes no response thereto. To the extent a response by BANA is required, these allegations are denied.

39. These allegations are not directed at BANA and, therefore, BANA makes no response thereto. To the extent a response by BANA is required, these allegations are denied.

40. These allegations are not directed at BANA and, therefore, BANA makes no response thereto. To the extent a response by BANA is required, these allegations are denied.

## THIRD CAUSE OF ACTION

## AS TO DEFENDANT BANA

### (Violation of FCRA – Reinvestigation)

41. The responses in Paragraphs 1 through 40 of this answer are incorporated herein by reference as if fully set forth.

42. The statements contained in this paragraph are not allegations of fact but rather conclusions of law which do not require a response. To the extent a response is required, the Fair Credit Reporting Act, as amended, speaks for itself and any allegations not consistent with that act are denied. All remaining allegations are also denied.

43. Denied.

44. Denied.

45. Denied as stated.

46. Denied.

47. Denied.

48. Denied.

## FOURTH CAUSE OF ACTION

## AS TO DEFENDANT BANA

### (Violation of FCRA – Impermissible Pull)

49. The responses in Paragraphs 1 through 48 of this answer are incorporated herein by reference as if fully set forth.

50. The statements contained in this paragraph are not allegations of fact but rather conclusions of law which do not require a response. To the extent a response is required, the Fair Credit Reporting Act, as amended, speaks for itself and any allegations not consistent with that act are denied. All remaining allegations are also denied.

51. Denied as stated.

52. Denied as stated.

53. Denied.

54. Denied.

## FIFTH CAUSE OF ACTION

## AS TO BOTH DEFENDANTS

### (Violation of S.C. Code §37-20-170)

55. The responses in Paragraphs 1 through 54 of this answer are incorporated herein by reference as if fully set forth.

56. The statements contained in this paragraph are not allegations of fact but rather conclusions of law which do not require a response. To the extent a response is required, S.C. Code §37-20-170 speaks for itself and any allegations not consistent with that code are denied. All remaining allegations are also denied.

57. The statements contained in this paragraph are not allegations of fact but rather conclusions of law which do not require a response. To the extent a response is required, S.C.

Code §37-20-170 speaks for itself and any allegations not consistent with that code are denied. All remaining allegations are also denied.

58. Denied.

59. Denied.

## SIXTH CAUSE OF ACTION

## AS TO DEFENDANT BANA

### (Invasion of Privacy)

60. The responses in Paragraphs 1 through 59 of this answer are incorporated herein by reference as if fully set forth.

61. The statements contained in this paragraph are not allegations of fact but rather conclusions of law which do not require a response. To the extent a response is required, these statements are denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's complaint fails to state a claim upon which relief can be granted against BANA and therefore Plaintiff's complaint should be dismissed with prejudice as to Defendant BANA.

### SECOND AFFIRMATIVE DEFENSE
### (Punitive Damages)

Any award of punitive damages against BANA in this matter would violate BANA's

guarantees of due process, equal protection, property and protection against excessive fines

### THIRD AFFIRMATIVE DEFENSE
### (Actions of Others)

Plaintiff's claims for damages against BANA are barred, as any and all alleged damages were caused in whole or in part by the acts of third parties for whom BANA did not exercise dominion and control.

### FOURTH AFFIRMATIVE DEFENSE
### (Causation)

Plaintiff's alleged damages were not caused by the acts or omissions of BANA and, therefore, Plaintiff's claims against BANA necessarily fail and should be dismissed with prejudice.

### FIFTH AFFIRMATIVE DEFENSE
### (Equitable Doctrines)

Plaintiff's claims are barred in whole or in part by the equitable doctrines of estoppel, waiver, laches and unclean hands.

### SIXTH AFFIRMATIVE DEFENSE
### (Reservation)

BANA reserves the right to plead additional, yet unstated defenses that may arise during discovery and at trial.

**WHEREFORE,** Defendant BANA prays that this court:

(1)     Award Plaintiff nothing by way of this action;

(2)     Dismiss Plaintiff's Complaint with prejudice;

(3)     Award Defendant BANA its costs and attorneys' fees as allowed by law; and

(4)     Award such other and further relief as the court deems just and proper.

Dated: May 19, 2014

Respectfully submitted,

 */s/* T. Richmond McPherson
Robert A. Muckenfuss – S.C. Fed. Bar No. 7333
T. Richmond McPherson – S.C. Fed. Bar No. 11214
McGuireWoods LLP
201 N. Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone:  (704) 343-2000
Facsimile:  (704) 343-2300

*Attorneys for Defendant Bank of America, N.A.*

**CERTIFICATE OF SERVICE**

     I certify that on May 19, 2014 a copy of this Answer was served on counsel listed below via US Mail at the address listed and filed by using the District Court's Electronic Case Filing system.

     David A. Maxfield
     Dave Maxfield, Attorney, LLC
     5217 N. Trenholm Rd., Suite B
     Columbia, SC 29206
     803-509-6800
     *and*
     Peter Protopapas
     Rikard & Protopapas, LLC
     1329 Blanding St.
     Columbia, SC 29201
     803-978-6111
     *and*
     J. Christopher Pracht, V
     Christopher Pracht Lawyer, LLC
     213 South Main Street
     PO Box 4193
     Anderson, SC 29622
     864-965-9660

     *Counsel for Plaintiff*

     Wilbur E. Johnson
     Young Clement Rivers, LLP
     28 Broad Street
     Charleston, SC 29401

     *Counsel for Defendant Trans Union, LLC*

      /s/ T. Richmond McPherson
     T. Richmond McPherson