IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Lisa J. Smith | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 1:14-01928-MC |
| Trans Union, LLC; Bank of America, NA' s/b/m to BAC Home Loans Servicing, LP, | ) |
|     Defendants. | ) |

## DEFENDANT TRANS UNION LLC'S
## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Trans Union LLC ("Trans Union"), one of the Defendants herein, and files its Answer and Defenses to Plaintiff's Complaint ("Complaint") filed by Lisa J. Smith ("Plaintiff"). The paragraph numbers below correspond to the paragraph numbers contained in the Plaintiff's Complaint to the extent possible.

### JURISDICTION

1. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and therefore, denies the same.

2. Trans Union admits that it is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Chicago, Illinois. Trans Union admits that it is a foreign corporation authorized to do business within the State of South Carolina. Trans Union denies the remaining allegations contained in paragraph 2 of the Complaint.

1

3. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and therefore, denies the same.

4. Trans Union denies that jurisdiction is appropriate in the Court of Common Pleas, Aiken County, South Carolina.  Rather, because Plaintiff's complaint relies on a federal statute, Trans Union states that jurisdiction is appropriate in the Aiken Division of the United States District Court for the District of South Carolina. Trans Union admits that the venue is appropriate in the United States District Court for the District of South Carolina.

## **FACTUAL ALLEGATIONS**

5. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and therefore, denies the same.

6. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and therefore, denies the same.

7. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and therefore, denies the same.

8. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and therefore, denies the same.

9. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore, denies the same.

10. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore, denies the same.

11. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore, denies the same.

12. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and therefore, denies the same.

13. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and therefore, denies the same.

14. Trans Union denies the allegations contained in paragraph 14 of the Complaint.

15. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and therefore, denies the same.

16. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and therefore, denies the same.

5925739.2/SP/83057/1669/052114

17.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and therefore, denies the same.

18.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and therefore, denies the same.

19.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and therefore, denies the same.

20.     Trans Union admits that per its reinvestigations into the disputed account, Bank of America verified the account as being accurately reported and as belonging to Plaintiff.  As to the other Defendant and remaining allegations, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and therefore, denies the same.

21.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and therefore, denies the same.

22.     Trans Union admits that in response to each of Plaintiff's disputes, it forwarded the results of its reinvestigations to Plaintiff for review.  Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint, and therefore, denies the same.

5925739.2/SP/83057/1669/052114

23. Trans Union admits that on March 3, 2014, it received correspondence from Plaintiff, disputing the ownership of a BAC Home Loan account reporting on her credit file.

24. Trans Union admits that the reinvestigations results, in response to Plaintiff's March 3, 2014 dispute, were mailed to Plaintiff on March 11, 2014. Trans Union denies the remaining allegations contained in paragraph 24 of the Complaint.

25. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and therefore, denies the same.

26. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and therefore, denies the same.

## FOR A FIRST CAUSE OF ACTION
## AS TO DEFENDANT TRANS UNION
### (Negligent Noncompliance with FCRA)

27. Trans Union restates and incorporates its responses to paragraphs 1 through 26 above as though fully stated herein

28. Trans Union denies the allegations contained in paragraph 28 of the Complaint.

29. Trans Union admits the allegations contained in paragraph 29 of the Complaint.

30. Trans Union denies the allegations contained in paragraph 30 of the Complaint.

5

31. Trans Union denies the allegations contained in paragraph 31 of the Complaint.

32. Trans Union denies the allegations contained in paragraph 32 of the Complaint.

33. Trans Union denies that Plaintiff suffered damage as a result of Trans Union's credit reporting practices.

34. Trans Union denies the relief sought by Plaintiff in paragraph 34 of the Complaint.

## FOR A SECOND CAUSE OF ACTION
## AS TO DEFENDANT TRANS UNION
### (Willful Noncompliance with FCRA)

35. Trans Union restates and incorporates its responses to paragraphs 1 through 34 above as though fully stated herein.

36. Trans Union denies the allegations contained in paragraph 36 of the Complaint.

37. Trans Union denies the allegations contained in paragraph 37 of the Complaint.

38. Trans Union denies the allegations contained in paragraph 38 of the Complaint.

39. Trans Union denies that Plaintiff suffered damage as a result of Trans Union's credit reporting practices.

40. Trans Union denies the relief sought by Plaintiff in paragraph 40 of the Complaint.

6

5925739.2/SP/83057/1669/052114

## FOR A THIRD CAUSE OF ACTION
## AS TO DEFENDANT BANA
### (Violation of FCRA - Reinvestigation)

41. Trans Union restates and incorporates its responses to paragraphs 1 through 40 above as though fully stated herein.

42. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint, and therefore, denies the same.

43. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint, and therefore, denies the same.

44. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint, and therefore, denies the same.

45. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint, and therefore, denies the same.

46. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint, and therefore, denies the same.

47. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint, and therefore, denies the same.

48. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint, and therefore, denies the same.

## FOR A FOURTH CAUSE OF ACTION
## AS TO DEFENDANT BANA
### (Violation of FCRA – Impermissible Pull)

49. Trans Union restates and incorporates its responses to paragraphs 1 through 48 above as though fully stated herein.

50. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint, and therefore, denies the same.

51. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint, and therefore, denies the same.

52. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint, and therefore, denies the same.

53. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint, and therefore, denies the same.

54. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint, and therefore, denies the same.

5925739.2/SP/83057/1669/052114

## FOR A FIFTH CAUSE OF ACTION
## AS TO BOTH DEFENDANTS
### (Violation of S.C. Code §37-20-170)

55.     Trans Union restates and incorporates its responses to paragraphs 1 through 54 above as though fully stated herein.

56.     Trans Union denies the allegations contained in paragraph 56 of the Complaint.  Answering further, Trans Union admits that it is a "consumer reporting agency" as defined by S.C. Code Section §37-20-110(2) and the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f) ("FRCA").

57.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint, and therefore, denies the same.

58.     Trans Union denies the allegations contained in paragraph 58 of the Complaint, including all subparts.  As to the remaining Defendant, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint, including all subparts, and therefore, denies the same.

59.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint, and therefore, denies the same.

## FOR A SIXTH CAUSE OF ACTION
## AS TO DEFENDANT BANA
### (Invasion of Privacy)

60.     Trans Union restates and incorporates its responses to paragraphs 1 through 59 above as though fully stated herein.

9

61.    Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint, and therefore, denies the same.

62.    Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, and therefore, denies the same.

63.    Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint, and therefore, denies the same.

64.    Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint, and therefore, denies the same.

65.    Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint, and therefore, denies the same.

66.    Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint, and therefore, denies the same.

67.    Trans Union denies the relief sought by Plaintiff in the prayer paragraph of the Complaint.

**FURTHER ANSWERING THE COMPLAINT AND
AS A FURTHER DEFENSE THERETO:**

68.    At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum

possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

### FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO:

69. Trans Union alleges that any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

### FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO:

70. Trans Union, in compliance with the Fair Credit Reporting Act, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

### FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO:

71. Trans Union at all times acted in compliance with the Fair Credit Reporting Act.

### FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO:

72. Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

### FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO:

73. Plaintiff's common law and/or state law claims are barred/preempted by the qualified immunity/privilege granted by the Fair Credit Reporting Act and state law.

5925739.2/SP/83057/1669/052114

**FURTHER ANSWERING THE COMPLAINT AND
AS A FURTHER DEFENSE THERETO:**

74. Some or all of Plaintiff's claims against Trans Union are barred by the applicable statute of limitations.

**FURTHER ANSWERING THE COMPLAINT AND
AS A FURTHER DEFENSE THERETO:**

75. Some or all of Plaintiff's claims against Trans Union are barred by the doctrine of collateral estoppel and res judicata.

**FURTHER ANSWERING THE COMPLAINT AND
AS A FURTHER DEFENSE THERETO:**

76. Any statement made by Trans Union regarding Plaintiff was true or substantially true.

**FURTHER ANSWERING THE COMPLAINT AND
AS A FURTHER DEFENSE THERETO:**

77. Plaintiff failed to mitigate his/her/their alleged damages.

**FURTHER ANSWERING THE COMPLAINT AND
AS A FURTHER DEFENSE THERETO:**

78. Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process and Double Jeopardy Clauses of the Fifth Amendment, the Excessive Fines Clause of the Eighth Amendment, and the laws of the State of South Carolina.

**FURTHER ANSWERING THE COMPLAINT AND
AS A FURTHER DEFENSE THERETO:**

79. To the extent Trans Union could be found liable, Plaintiff was comparatively/contributorily negligent.

**FURTHER ANSWERING THE COMPLAINT AND
AS A FURTHER DEFENSE THERETO:**

80. Trans Union affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiff has filed an unsuccessful pleading, motion, or other paper in connection with this action under Section 1681n or 1681o of the FCRA in bad faith or for purposes of harassment.

**FURTHER ANSWERING THE COMPLAINT AND
AS A FURTHER DEFENSE THERETO:**

81. In the event that a settlement is reached between Plaintiff and any other party, Defendant Trans Union is entitled to any settlement credits permitted by law.

**FURTHER ANSWERING THE COMPLAINT AND
AS A FURTHER DEFENSE THERETO:**

82. Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

**FURTHER ANSWERING THE COMPLAINT AND
AS A FURTHER DEFENSE THERETO:**

83. In the interest of justice, Trans Union may seek to transfer this matter pursuant to 28 U.S.C. § 1404, as this Court is not the most convenient venue for the parties and witnesses.

**FURTHER ANSWERING THE COMPLAINT AND
AS A FURTHER DEFENSE THERETO:**

84. Trans Union hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of this litigation and, therefore, reserves it right to amend its Answer to assert such defenses.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's

Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the court deems just.

Respectfully Submitted,

*s/ Wilbur E. Johnson*
**WILBUR E. JOHNSON**
Federal ID No.: 2212
wjohnson@ycrlaw.com
**YOUNG CLEMENT RIVERS, LLP**
25 Calhoun Street, Suite 400
Charleston, SC 29401
(843) 724-6659
(843) 579-1332 Fax
***Counsel for Trans Union LLC***

Date: May 21, 2014

14

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties:

David Andrew Maxfield
Dave Maxfield, Attorney, LLC
5217 N. Trenholm Road, Suite B
Columbia, SC 29206
803-509-6800
  and
Peter Protopapas
Rikard & Protopapas, LLC
1329 Blanding St.
Columbia, SC 29201
(803) 978-6111
  and
J. Christopher Pracht, V
Christopher Pracht Lawyer, LLC
213 South Main St
PO Box 4193
Anderson, SC 29622
(864) 965-9660
*Counsel for Plaintiff*

Robert A. Muckenfuss
T. Richmond McPherson
McGuireWoods LLP
201 N. Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone: (704) 343-2000
Facsimile: (704) 343-2300
*Counsel for Defendant Bank of America, N.A.*


*s/ Wilbur E. Johnson*
**WILBUR E. JOHNSON**

5925739.2/SP/83057/1669/052114